

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | No. 1:15CR86 |
| v. | § | Judge Marcia A. Crone |
| | § | |
| CHRISTOPHER ROGERS | § | |

## FACTUAL BASIS

The government presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant **Christopher Rogers**, and the defendant's attorney **Gary Bonneaux**, and in support of the indictment, would show the following:

1. That the defendant **Christopher Rogers** hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count Two (2) of the indictment, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography.

2. That the defendant, **Christopher Rogers**, who is pleading guilty to such indictment, is one and the same person charged in the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the

**Factual Basis - Page 1**

offense alleged in the indictment; specifically, the government would have proven the following stipulated facts:

a. From on or about November 8, 2014 to on or about January 28, 2015, in Beaumont, Texas, in the Eastern District of Texas, **Christopher Rogers** possessed and accessed with intent to view over one thousand two-hundred-and-twenty-five (1,225) images and seven (7) videos containing child pornography as defined in 18 U.S.C. § 2256(8)(A).

b. Special Agent Nathan Curry and Beaumont Police Department Task Force Officer (TFO) Jeff Curl executed a search warrant on the defendant's residence after they received information that suspected child pornography images were located at Internet Protocol (IP) address 68.206.14.180 and connected that IP address to the defendant's residence in Beaumont, Texas.

c. During the search, the defendant agreed to answer the investigators' questions regarding the suspected child pornography on the defendant's personal electronic devices. **Christopher Rogers** admitted that he had a file sharing application called T-Torrent and was familiar with how these types of programs work. In a subsequent consensual interview, the defendant further admitted that he downloaded and viewed child pornography. The defendant said that he obtained the child pornography using torrent web sites.

d. TFO Curl would have testified that as part of an undercover operation, he connected to a device at the defendant's IP address, 68.206.14.180 and successfully downloaded 264 files from that address. Those files represent a

**Factual Basis - Page 2**

torrent with an infohash that has been flagged as containing suspected child pornography, and Officer Curl would have testified that those files did contain child pornography.

e. **Christopher Rogers** downloaded the child pornography images onto a Samsung Tablet, Model GTP3113TS, bearing serial number R32C6062BQW and a Hewlett Packard TouchSmart TX2 laptop, bearing serial number CNF00250L2.

f. The video and image files that **Christopher Rogers** possessed and accessed with intent to view and distributed were transmitted by means of the Internet, which constitutes transportation in interstate commerce.

g. Special Agent Nathan Curry reviewed the child pornography possessed and distributed by **Christopher Rogers** and identified numerous images, to include files 828.jpg and 33032.jpg, that contained prepubescent children and children under the age of twelve years. One of those files was also a sadistic image, as was image file 12564.jpg, which depicted a female child with an unidentified object forced completely into her vagina.

DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and stipulation and the indictment, or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: July 28, 2015

**Factual Basis - Page 3**

CHRISTOPHER ROGERS
Defendant

DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, **Christopher Rogers**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: July 28, 2015

GARY BONNEAUX
Attorney for the Defendant

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

LESLEY A. BARTOW
Assistant U. S. Attorney
Texas Bar No. 24092092
Florida Bar No. 85594
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
lesley.a.bartow@usdoj.gov